UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Civil Action No. __6:21-cv-01221_____

TIMOTHY R. NELSON,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant,

_____/

## COMPLAINT

**NOW COMES** Plaintiff, TIMOTHY R. NELSON, by and through his undersigned counsel, complaining of Defendant, MIDLAND CREDIT MANAGEMENT, INC., as follows:

### NATURE OF THE ACTION

1. This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et. seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplement jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

5. TIMOTHY R. NELSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Winter Springs, Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") is a debt collection agency organized under the laws of the state of Kansas.

8. Defendant maintains a principal place of business at 8875 Aero Drive, Suite 200, San Diego, California 92123.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

10. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

11. At some point, Plaintiff applied for and was approved for a Capital One credit card.

12. Plaintiff used this card to make household and personal purchases, amassing an alleged balance.

13. Upon information and belief, the alleged subject debt was assigned to Defendant for collections.

14. Plaintiff arranged a payment plan with Defendant to pay off the balance of $1,600 ("subject debt") in the amount of $95 per month.

15. Unfortunately, Plaintiff knew he would be unable to make payments in June and July 2021.

16. Plaintiff placed a call to Defendant and made further arrangements for the missed payments to ensure his account would stay current with Defendant.

17. On July 1, 2021, Plaintiff started receiving calls from Defendant attempting to collect upon the alleged subject debt, even though Plaintiff had already made arrangements for repayment.

18. Plaintiff advised Defendant that he had already made payment arrangements and asked Defendant to stop calling him.

19. Unfortunately, Defendant started calling Plaintiff between 5 to 10 times per day from different phone numbers.

20. In total, Defendant placed no less than 30 unwanted and unconsented to phone calls to Plaintiff since he requested that the phone calls cease.

21. Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

22. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

23. Defendant's harassing calls have caused Plaintiff damages, including aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, temporary loss of use of

Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

24. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

25. Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

26. Paragraphs 11-25 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violation(s) of 15 U.S.C. §1692c

27. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
>
> 15 U.S.C. § 1692c(a)(1).

4

28. Defendant violated 15 U.S.C. § 1692c(a)(1) by placing phone calls to Plaintiff's cell phone after Plaintiff requested that the phone calls cease.

29. Specifically, after Plaintiff requested that the phone calls cease, any time that Defendant called Plaintiff was an inconvenient time.

### b. Violations of FDCPA §1692d

30. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

31. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §§ 1692d and d(5) when it placed approximately 30 collection calls in an attempt to collect the subject debt after Plaintiff requested that the phone calls cease.

33. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

34. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE,** Plaintiff, TIMOTHY R. NELSON, requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair

Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II

**Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)**

35. Paragraphs 11-25 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violation(s) of Fla. Stat. § 559.72(7)

36. Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

6

37. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

38. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff, TIMOTHY R. NELSON, requests the following relief:

a. a finding that Defendant violated Fla. Stat. §§ 559.72(7);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

e. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff demands trial by jury.**

Dated: July 28, 2021                                    Respectfully submitted,

**TIMOTHY R. NELSON**

*By: /s/ Alexander J. Taylor*

Alexander J. Taylor, Esq., *Of Counsel*
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com